ROBINSON et al. v. NOLAN et al., Appellants.

Division Two, December 12, 1889.

1. **Deed:** ACKNOWLEDGMENT BEFORE DEPARTMENT CLERK. A deed ac-knowledged in 1865 before the department clerk of an inferior court in Georgia having a seal, and certified under his own hand and the seal of the court, is admissible in evidence as having been properly acknowl-edged under the laws of this State then in force.

2. ———: BY ATTORNEY IN FACT: PAYMENT OF TAXES. The payment of taxes by the grantee in a deed made by the grantor in his own right, is no evidence that he intended to convey it as attorney in fact of another person who was the real owner.

Robinson v. Nolan.

3. ———: ———: INSUFFICIENCY OF EVIDENCE. A court can not decree that a deed made by a grantor in his own right as the owner of the land, was intended to be made by him as attorney in fact of the real owner, from whom he held a power of attorney, unless there is some substantial evidence on which to base the decree, divesting the heirs of the maker of the power of attorney of title to the land.

*Appeal from Douglas Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

WM. O. MEAD and T. T. LOY for appellants.

(1)   The certified copy of the power of attorney should have been excluded for the reason that it was not acknowledged before any officer authorized by the laws of this State to take acknowledgments. R. S. 1889, sec. 2403. A deputy clerk can take an acknowledgment in the name of his principal only, and never in his capacity of deputy alone. Springer v. McSpadden, 49 Mo. 299. (2)   The power of attorney in evidence does not meet the requirements of sections 4858 to 4865, R. S. 1889, to entitle it to prove its own execution. It was never recorded in Douglas county. Gwyn v. Frazier, 33 Mo. 89; Aubuchon v. Murphy, 22 Mo. 115. (3)   The deed here sought to be reformed was not made by Quinces R. Nolan and wife, nor by any one purporting to act for them, but by Jackson P. Nolan and wife. No witness or other evidence was offered to prove that he intended, or pretended to execute such deed for, or on behalf of Quinces R. Nolan and wife, other than a deed executed the same day and attempted to be acknowledged before the same officer for an undivided half of the same land. This not only failed to prove that Jackson P. Nolan intended to convey the title of Quinces R. Nolan and wife, as attorney in fact, but is conclusive evidence that he did not intend to do so. For why execute the two deeds, one by himself and wife for an undivided one half,

VOL. 152 mo—36

and one for an undivided one-half as attorney for Quinces R. Nolan and wife both being made at the same time and acknowledged before the same officer? Where is the testimony to support the decree of the trial court? There is none.

A. H. LIVINGSTON for respondents.

(1) The power of attorney is in all things regular and valid, being duly acknowledged in the State of Georgia by an officer authorized to do so under the laws of this State. Appellants seem to want to mislead by stating that the acknowledgment was taken by a deputy clerk, but this position is without any fact to support it, and is contradicted by the record. It is acknowledged by a clerk of a court, with a seal, and this is all that is requisite under our statute. (2) Jackson P. Nolan had no interest in these lands except the power to convey under his letters of attorney. The law presumes he intended to convey by his written authority, and that he intended to convey all the interest he had, because he had no other interest in the land, and could convey no other interest. Kearney v. Vaughan, 50 Mo. 284; 1 Dembitz on Land Titles, pp. 414 and 415. (3) Respondents have paid all taxes on the lands for more than twenty years, and it would be unjust and inequitable to allow appellants to rest in silence all this time, and then come in on a mere denial, and recover.

BURGESS, J.—On the sixteenth day of December, 1865, Quinces R. Nolan and his wife Antoinette C. Nolan executed to Jackson P. Nolan a power of attorney to sell lands of which Quinces R. Nolan was the owner, including the land in Douglas county, Missouri, which is involved in this litigation.

The power of attorney was acknowledged before Julian A. Arkin, department clerk of the Inferior Court of Henry county, Georgia, on the — day of —, 1865, and attested by the seal of said court. It was recorded in the recorder's office

of Vernon county, Missouri, where a part of the lands embraced therein are located, in January, 1869.

On the seventeenth day of October, 1870, Quinces R. Nolan and his wife Antoinette, by their attorney in fact, executed a deed in due form to Wm. T. Cessna, by which they conveyed to him all of the undivided one half interest in sections 18 and 30, township 26, range 11, and sections 13 and 24 of township 26, range 12, containing 2,554 acres more or less in Douglas county, for the consideration of $638.59. On the same day and for the same expressed consideration Jackson P. Nolan and Lizzie C. Nolan, conveyed in their own right, to said Cessna the one undivided interest in the same land, and it is claimed by plaintiff, and the petition alleges, "that said deed failed and omitted to declare or recite the fact that the said Jackson P. Nolan was conveying said land under letters and power of attorney, when in fact and in truth he conveyed said land as an attorney in fact. That the deed by reason of the fact aforesaid conveyed to said Wm. T. Cessna an equitable title only when it was intended by and between the said Jackson P. Nolan and Wm. T. Cessna, that the legal title should be conveyed by such deed."

The petition then prays that the deed made by Jackson P. Nolan to Wm. T. Cessna be decreed to convey the legal title to the land therein described, and that the legal title thereto be vested in plaintiffs, and for all proper relief.

The defendants are the widow and heirs at law of Quinces R. Nolan, he being deceased.

The court rendered a judgment and decree in favor of the plaintiff, correcting the deed as prayed for, and after unsuccessful motion for a new trial defendants appeal.

Upon the trial plaintiff offered in evidence a duly certified copy of the record in the recorder's office of Vernon county of the power of attorney from Quinces R. Nolan and wife to Jackson P. Nolan of date December 16, 1865, authorizing him to sell and convey in their names the land in ques-

tion, to which defendants objected because not proved or acknowledged before any officer authorized to take the acknowledgment of such instruments under the laws of this State, but the objection was overruled, and the deed read.

It appears from an inspection of the certificate of acknowledgment to this power of attorney that it was acknowledged before the department clerk of the Inferior Court of Henry county, Georgia, a court having a seal, and is certified to under the hand of the clerk and seal of the court to which he was clerk, thus complying literally with the statute, in regard to taking the acknowledgments to such instruments. [Secs. 17 and 19, pp. 358, 359, R. S. 1855; secs. 9 and 12, pp. 444, 445, G. S. 1865.]

This was the only objection raised to the admission in evidence of the copy of the power of attorney in the court below, and while other objections are now raised, they come too late, and can not be raised for the first time in this court.

It is also claimed that there was no evidence to justify the finding and decree of the court. There is much force in this contention. There was really no evidence so far as disclosed by the record, which showed that at the time of the execution of the deed by Jackson R. Nolan and wife, he did not own an undivided one half interest in the land described in the deed executed by him in his own right, or that he intended to convey that half as the attorney in fact of Quinces R. Nolan. The two deeds by Jackson R. Nolan, one as attorney in fact for Quinces R. Nolan, and the other in his own right, were each for an undivided one half interest in the same lands, executed to the same party Wm. T. Cessna on the same day, and, acknowledged before the same officer, which seems to be inconsistent with the idea that there was a mistake in the execution of the deed by Nolan in his own right. It is true that he might in the first place have sold to Cessna only an undivided half interest in the land, as the attorney in fact of Quinces R. Nolan, and, after executing to him a deed there-

for, as such attorney, sold him the other half in the same capacity, but there was no evidence adduced which tended to show such to have been the case and it can not be so presumed from the facts disclosed.

The payment of taxes by plaintiffs, and those under whom they claim title to the land, had no tendency whatever to support the allegation in the petition, with respect to the mistake in the deed.

The court was not, we think, justified under the evidence in rendering a decree divesting defendants of title to the land, and investing it in plaintiffs, in the absence of some substantial evidence and there was none of that character adduced by plaintiff on the trial of this cause.

We therefore reverse the judgment and remand the cause. GANTT, P. J., concurs; SHERWOOD, J., absent.