JOSEPH V. VASTINE, Respondent, v. WM. S. REX et al., Appellants.

St. Louis Court of Appeals, December 17, 1901.

1. **Practice, Trial:** MOTION FOR NEW TRIAL. When a court does not grant a new trial for any of the reasons stated in the motion, it in effect overrules the motion.

2. ———: ———: PRACTICE, APPELLATE. When a new trial has been granted on the ground that the verdict is against the weight of the evidence, it is not competent for an appellate court to review the action of the trial court.

3. ———: ———: ———. And an appellate court will not sustain an order for a new trial on the ground that the verdict is against the weight of the evidence where the trial court has ruled to the contrary.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz,* Judge.

REVERSED AND REMANDED.

*R. M. Nichols* for appellant.

(1)   The motion for new trial does not complain of the verdict on the ground of "erroneous instructions." Therefore, the act of the trial court in setting aside the verdict and granting a new trial, while actually predicated on plaintiff's motion, can be justified only in the exercise of that power vested in the judge by section 801 of the Revised Statutes of 1899, in case where the jury "shall have erred in matters of law." State ex rel. v. Adams, 84 Mo. 316.   (2)   An appeal from an order granting a new trial "only brings the ruling of the trial court on the motion for a new trial to this court for review before a final judgment, instead of afterwards, as was formerly the case." Haven v. Railroad, 155 Mo. 229; Graney v. Railroad, 157 Mo. 678.

*A. A. Paxson* for respondent.

(1)   The court may grant a new trial for any good cause, whether specified in the motion or not.   Hemelreich v. Carlos, 24 Mo. App. 264; Lowell v. Davis, 52 Mo. App. 342; Hewitt v. Steele, 118 Mo. 463.   (2)   The granting of a new trial rests peculiarly within the discretion of the trial court.   McDonough v. Nicholson, 46 Mo. 35; McKay v. Underwood, 47 Mo. 185; Railroad v. Armstrong, 92 Mo. 265; McCullough v. Ins. Co., 113 Mo. 606.   (3)   The appellate court will not interfere with an action of the trial court in setting aside the verdict of a jury, unless it satisfactorily appears that its discretion has been arbitrarily and unreasonably exercised.   Chouquette v. Railroad, 152 Mo. 257.   (4)   The verdict is against the weight of the evidence is a question which lies peculiarly within the discretion of the trial court, whose action will not be questioned in the appellate tribunal except in case of manifest abuse.   Yates v. Shanklin, 85 Mo. App. 358; Langdon v. Kelly, 51 Mo. App. 572.

BLAND, P. J.—This suit is on an itemized account for attorney's fees. The suit was begun in a justice of the peace's court, where the verdict was for the defendants; on a trial *de novo,* on appeal, in the circuit court, the verdict was again for the defendants. The court granted a new trial on the ground that the jury had been misdirected. From this ruling defendants appealed.

The account sued on opened April 21, 1899, and closed with the last item in November of the same year.

A summary of the evidence necessary to be noticed on this appeal is, that W. S. Rex was administrator of the estate of J. H. Rhotchamel, deceased. The estate owned one-half the capital stock of the Columbia Incandescent Lamp Company, a corporation. The other half was owned by the Garrisons. Rex, as administrator, had employed B. F. Clark, Esquire, as his counsel. Some large claims were presented, or about to be presented, for allowance against the estate. Clark desired assistance to resist these claims and advised Rex to employ the plaintiff. Rex agreed to do this and both Rex and Clark went to the office of the plaintiff, and he was then and there employed by Rex to represent him in all matters concerning the administration of the estate. Plaintiff did represent Rex in resisting two large claims that were presented for allowance against the estate, both in the probate court and in the circuit court, and made his settlements for him in the probate court. For these services Rex paid Vastine, according to his testimony and the checks produced at the trial, five hundred and eighty-seven dollars and seventy-nine cents, and took credit for the entire amount, as administrator, in his settlements.

The shares of stock in the Columbia Incandescent Lamp Company, belonging to the estate, were sold by order of the probate court, and Ann E. Rhotehamel, widow of the deceased and sister of Rex, became the purchaser. The sale was approved December 10, 1898. Sometime after that Rex acquired some of the shares from his sister. It appears, also, that an-

other brother, Joe Rex, was the holder of one or two shares and was the secretary of the company.   Plaintiff's evidence tends to prove that the Garrisons, who owned one-half of the capital stock of the company, were drawing large salaries as officers of the company, and that W. S. Rex and Ann E. Rhotehamel were dissatisfied with this condition of affairs and were anxious that Mrs. Rhotehamel be made an officer of the company so that she might also be enabled to withdraw a considerable sum monthly from its treasury.   With a view of settling this matter, W. S. Rex, in behalf of himself and his sister, consulted the plaintiff at various times and engaged him to adjust the matter between themselves and the Garrisons; that the plaintiff in company with Rex at times, and at other times alone, from April twenty-first to the latter part of November, 1899, had various interviews and consultations with the Garrisons in respect to the difference between the Garrisons and Rex and his sister, concerning the management of the corporation and the payment of salaries to its officers; that his services in these matters were reasonably worth what he charged in the account sued on.   Mrs. Rhotehamel stated, as a witness, that her brother, W. S. Rex, was her agent and authorized to represent her in all matters concerning her interest in the corporation.

The defense was payment; and the checks given by W. S. Rex as administrator, to plaintiff, were offered in evidence to prove payment, and were submitted to the jury as tending to prove payment.

Rex testified that Judge Vastine agreed to represent him as administrator throughout his administration of the estate, and also to represent him and his sister as to their private interests as shareholders in the stock of the corporation, for the lump sum of two hundred and fifty dollars, and that he had paid him this and more out of the funds of the estate.   Vastine denied that any such contract was made, and he is corroborated by the evidence of B. F. Clark.   That Rex's memory is at fault about the agreement between him and Vastine is shown

by the following written contract, which Rex admits he signed, to-wit:

"I will pay you one hundred and fifty dollars for legal services rendered by you to the estate of J. H. Rhotehamel in the St. Louis Probate Court and any and all legal services rendered in the appellate or higher courts, the value to be determined by B. F. Clark, Esquire."

"W. S. Rex, Administrator of J. A. Rhotehamel."

It is not claimed by Rex that he made more than one contract with Vastine, and that, that one was made when he was with Clark in Vastine's office to employ the latter to assist Clark in matters concerning the estate. At that time no sale of the shares of stock had been made by Rex as administrator and it is inconceivable how Rex then knew or could have known that his sister would become the purchaser of the stock at his sale as administrator and that he should then have anticipated that the services of an attorney at law would be necessary to protect his sister's interests after the sale.

Rex's testimony in this matter is inconsistent with the then existing circumstances. He is contradicted by other witnesses and is shown to have widely deviated from the truth by his own written contract of employing Vastine. It is not necessary to say that he committed willful perjury, but it is not saying too much to state that his evidence, in respect to the contract with Vastine, is false. False as shown in a solemn writing over his own signature, and he is further contradicted by the oaths he took in probate court to his settlements, in which he took credit to himself for all moneys he had paid to Vastine as having been paid for the benefit of the estate. In the circuit court he swore that a part of the services for which he made payments as administrator were to protect the private interests of himself and his sister as stockholder in the Columbia Incandescent Lamp Company.

Vol 93, app—7.

One of the grounds stated in the motion for a new trial is that Rex committed perjury on the trial. It would be presumptuous in us to find that Rex committed perjury in view of the fact that two juries and the trial judge found his evidence as to the payment of the account sued on to be true. The verdicts might have been different had not Vastine's evidence shown that his skirts were not clear in dealing with Rex and the assets of the estate of Rhotehamel. His evidence is that he accepted a check from Rex for two hundred dollars payable out of the assets of the estate with the understanding that Rex was to have one hundred dollars of the proceeds of the check and that he collected the check, paid the one hundred dollars to Rex and afterwards prepared a settlement for Rex as administrator in which the estate was charged with the two hundred dollars and Rex credited therewith as administrator. Another fact brought out by Vastine's testimony that throws suspicion on his account is that before he sued he made out his account against Mrs. Rhotehamel alone for one hundred and fifty dollars and presented it to her for payment. But when he came to sue he increased, not the items of his account, but the value of his services and brought into it an additional debtor, to-wit, W. S. Rex.

The court did not grant a new trial for any of the reasons stated in the motion and thus, in effect, overruled the motion. Thiele v. Citizens' Ry. Co., 140 Mo. 319. There were no objections to the instructions given and there were none refused. Those given are unobjectionable and fairly presented all the issues to the jury. The order of the trial court, therefore, granting a new trial on the grounds of misdirection of the jury can not be sustained. It is, nevertheless, competent for respondent to show on the appeal that the order granting the new trial is correct on any of the grounds stated in the motion. Ittner v. Hughes, 133 Mo. 679; Thiele v. Citizens' Ry. Co., 140 Mo. l. c. 335; Hoepper v. Southern Hotel Company, 142 Mo. 378; Jegglin v. Roeder, 79 Mo. App. 428.

Looking at the motion for grounds to sustain the order, we are confronted with the fact that the trial court, in effect, found none of them sufficient to warrant the granting of a new trial and that the only grounds stated in the motion for which a new trial could have been granted by the trial court is that the verdict is against the weight of the evidence. Where a new trial has been granted on this ground it is not competent for an appellate court to review the action of the trial court. Haven v. Missouri Ry. Co., 155 Mo. 216. The converse of this rule must be true, that an appellate court will not sustain an order for a new trial on the ground that the verdict is against the weight of the evidence where the trial court has ruled to the contrary. Thompson v. Railroad, 140 Mo. 125.

It follows that the judgment should be reversed with directions to the trial court to set aside the order granting the new trial and to overrule the motion therefor and enter judgment on the verdict. It is so ordered. Judge *Goode* concurs, and *Barclay, J.,* concurs in the result.