JOEL F. CHILES, Defendant in Error, v. SCHOOL DISTRICT OF BUCKNER, Plaintiff in Error.

Kansas City Court of Appeals, March 6, 1905.

1. **APPELLATE AND TRIAL PRACTICE: Remanding with Directions: Jurisdiction.** Where the appellate court remands with specific directions it is out of the power of the trial court to do anything beyond such directions.

2. ———: ———: **Damages: Public Trustees.** Damages should be imposed upon a party prosecuting a writ of error without apparent justification; but where a quasi-public corporation, like a school district, is trustee for the public funds, such damages may not be imposed, since they deprive the children of the district of the means of education.

Error to Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*Peak & Strother* for plaintiff in error.

*Paxton & Rose* for defendant in error.

BROADDUS, P. J.—On November 23, 1903, an opinion was handed down in this case by this court wherein it was directed that the judgment of the circuit court be reversed and remanded and that the circuit court "give judgment for the plaintiff as prayed in his petition." On the 14th day of December, 1903, the said court in obedience to said directions entered up judgment against defendants for the sum of $566.85, including interest and costs, to bear ten per cent interest, it being the rate of interest borne by said judgment. The judgment so entered was in strict accordance with the directions of this court. On the 9th day of January, 1904, the defendant sued out a writ of error from the Supreme Court. On the 2d day of June, following, on motion of defendant in error the Supreme Court ordered that the cause be certified to this court for want of jurisdiction in said court, which was accordingly done. On July 15, 1904, the defendant in error filed in this court a motion to dismiss or affirm the judgment of the circuit court, and to award damages not exceeding ten per cent upon the original judgment. The plaintiff in error does not deny that defendant in error is not entitled to an affirmance of the judgment on his motion, but insists that to impose the penalty asked would be a hardship.

There can be no doubt but what the action of the plaintiff in error in suing out this writ was not justified by the record. The rule announced by the Supreme Court in such cases is that, "where a case is remanded by us with directions for further proceedings, the case does not occupy the same status as if it had been simply

reversed and remanded, but that where special directions have been given, it is out of the power of the lower court to do anything beyond or not embraced in the specific directions.'' [Rees v. McDaniel, 131 Mo. 681.] And a similar ruling was made in Tourville v. Railway, 148 Mo. 614, in Pomeroy v. Benton, 77 Mo. 64, and in Young v. Thrasher, 123 Mo. 308.

Ordinarily, damages should be imposed upon a party who prosecutes a writ of error or appeal without any apparent justification, and this presents a case of that character. But as the plaintiff in error stands in the relation of trustees for the school funds of the district, we are not disposed to impose such damages, as it would, to the extent of such damages, deprive the children of the district of the means of education.

The motion of defendant in error for an affirmance of the judgment is sustained, but, for the reason given, that asking imposition of damages is denied. All concur.