AT THE

### OCTOBER TERM, 1905.

*(Continued from Volume 191.)*

SCULLIN, by next friend, v. WABASH RAILROAD COMPANY, Appellant.

(No. 1.)

**Division Two, December 12, 1905.**

1. **APPEAL: Judgment by Direction of Appellate Court.** There is no appeal from a judgment entered in accordance with the mandate of the appellate court, to which the case after the trial was appealed.

2. **———: ———: Motion for New Trial.** The statute fixing the time within which motions for new trial and in arrest must be filed, means four days after the verdict was rendered. Where plaintiff has recovered a verdict and that on motion for new trial is set aside, and from that order and judgment there is an appeal, and the appellate court reverses that order and directs the trial court to enter a specified judgment for plaintiff, and that is done on the receipt of the mandate, the defendant cannot file a motion for a new trial within four days or any other time. He is not entitled to an appeal from the judgment entered in accordance with the mandate. The statute means that the motions for new trial and in arrest must be filed within four days after the verdict was rendered, and that he is not entitled to have such motions considered if filed within four days after the last judgment was entered.

3. ———: ———: **Power of Trial Court.** After a verdict for plain-tiff and the granting of a new trial on defendant's motion and an appeal from that order and, the whole record being before the appellate court on plaintiff's appeal, a reversal of the judg-ment and a remanding of the cause with directions to enter judgment for plaintiff, all the trial court .has power to do is to enter up judgment in accordance with the mandate.

Appeal from St. Louis City Circuit Court.—*Hon. War-wick Hough*, Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

The defendant was entitled, as a matter of right, to file its motion for new trial, and in arrest, after the rendition of the judgment below, and to have such mo-tions heard and determined. By striking these mo-tions from the files, the learned judge below refused to hear them, and thereby denied the defendant the equal protection of the laws. Dartmouth College v. Wood-ward, 16 U. S. (4 Wheat.) 518; McVeigh v. United States, 77 U. S. (11 Wall.) 259; Windsor v. McVeigh, 93 U. S. 274; Hovey v. Elliott, 167 U. S. 409; In re Ros-ser, 101 Fed. 562; Bank v. Hubbard, 105 Fed. 809; State v. Hayes, 81 Mo. 574; State v. Berkley, 92 Mo. 41; Jones v. Yore, 142 Mo. 38.

*John F. Shepley* and *Douglas W. Robert* for re-spondent.

(1) Appellant's second motion for a new trial and in arrest of judgment were filed four and one-half years after the verdict. They should have been filed within four days after the verdict (not judgment). They were properly stricken from the files. R. S. 1899, sec. 803; Bank v. Porter, 148 Mo. 176; Bank v. Bennett, 138 Mo. 494; St. Joseph v. Robison, 125 Mo. 1; Maloney v. Railroad, 122 Mo. 106; Welch v. City, 73 Mo. 71; Mo-

ran v. January, 52 Mo. 523; Allen v. Brown, 5 Mo. 323; Pound v. Cassity, 91 Mo. App. 424; State ex rel. v. McGowan, 62 Mo. App. 625; Beckman v. Ins. Co., 49 Mo. App. 604. (2) This case was reversed with special directions to the trial court. Under such circumstances, the circuit court had no power to do any acts other than those directed in the mandate. Tourville v. Railroad, 148 Mo. 614; affirmed, 179 U. S. 322; State ex rel. v. Edwards, 144 Mo. 467; Rees v. McDaniel, 131 Mo. 681; Ess v. Griffith, 128 Mo. 59; Stump v. Hornbock, 109 Mo. 272; Chouteau v. Allen, 74 Mo. 56; Schroyer v. Nickell, 67 Mo. 589; Chiles v. School Dist., 85 S. W. 880; State ex rel. v. Douglas, 83 S. W. 87; State ex rel. v. Harper, 56 Mo. App. 611; McIntyre v. McIntyre, 24 Mo. App. 166; Connor v. Pope, 23 Mo. App. 344. (3) Appellant was not entitled to appeal from the judgment which the Supreme Court ordered the circuit court to enter. Haven v. Railroad, 155 Mo. 216; Rees v. McDaniel, 131 Mo. 681; Ess v. Griffith, 128 Mo. 59; Schroyer v. Nickell, 67 Mo. 589; Chiles v. School Dist., 85 S. W. 880; State ex rel. v. Douglas, 83 S. W. 87; Richardson v. Drug Co., 92 Mo. App. 536; State ex rel. v. Anthony, 65 Mo. App. 551. (4) This is a frivolous appeal and should be dismissed with ten per cent damages. R. S. 1899, sec. 867; Phillips v. Phillips, 107 Mo. 360; Cordell v. Bank, 64 Mo. 600; Bannister v. Henn, 45 Mo. 567; Chiles v. School Dist., 85 S. W. 880; Moneyhain v. Cella, 91 Mo. App. 260; Darby v. Jormdt, 85 Mo. App. 274; Gast v. Fennimore, 84 Mo. App. 228; Mining Co. v. Coquard, 40 Mo. App. 40; Utz v. Hoerr, 20 Mo. App. 36; Schwaner v. Compound Co., 19 Mo. App. 534; Smith v. White ,17 Mo. App. 443; DeBuele v. Labadie, 7 Mo. App. 578.

BURGESS, P. J.—On the 17th day of March, 1900, plaintiff recovered a verdict and judgment in the circuit court of the city of St. Louis against the defendant for twenty thousand dollars for personal injuries

alleged to have been sustained by him by reason of the negligence of defendant. Upon motion of defendant the verdict and judgment was set aside, and a new trial ordered, and from this last order and judgment the plaintiff appealed to the Supreme Court, where the judgment was reversed and the cause remanded to the court below, with directions to enter up judgment upon the verdict. The case is reported in 184 Mo. 695, where a very full and fair statement of all the material facts may be found. Upon receiving the mandate from this court, the trial court entered up judgment in favor of plaintiff for twenty thousand dollars, the amount of the verdict.

After this judgment was entered, and within four days thereafter, defendant filed its motions for a new trial and in arrest, both of which were stricken from the files because filed out of time. Section 803, Revised Statutes 1899, provides that all motions for new trial and in arrest of judgment shall be made within four days after the trial, if the term shall so long continue; and if not, then before the end of the term. But when defendant filed the motions for a new trial and in arrest of judgment more than four and a half years had elapsed since the verdict was rendered. The statute relating to the filing of such motions is mandatory. There was but one verdict in the case to which the statute could apply, and that, as we have said, requires all such motions to be filed within four days after verdict. The order and judgment of the court in directing the trial court to enter up judgment upon the verdict was not a trial within the meaning of that term, but simply a mandate, with specific directions to the trial court, and from the judgment rendered in pursuance of such mandate no appeal lies. [Rees v. McDaniel, 131 Mo. 681; Chiles v. School District of Buckner, Jackson County, 111 Mo. App. 52; State ex rel. v. Edwards, 144 Mo. 467; Tourville v. Railroad, 148 Mo. 614.]

Scullin v. Railroad.

While defendant could not have appealed from the order granting it a new trial, the whole record was before the court upon plaintiff's appeal, and defendant was not precluded by the record, although brought to this court by the plaintiff, from showing that the trial court did not err in granting defendant a new trial. [Emmons v. Quade, 176 Mo. 22, and authorities cited; see, also, Hoepper v. Southern Hotel Co., 142 Mo. 378; Vastine v. Rex, 93 Mo. App. 93; Ittner v. Hughes, 133 Mo. 679.] Had this course been pursued by defendant, exactly the same questions could have been raised by it as were presented by the record upon plaintiff's appeal. In Ess v. Griffith, 128 Mo. l. c. 59, it is said: "The primary purpose of the act in respect to the rights of the parties against whom new trials have been granted, was to give an appeal directly from the order, and thus suspend proceedings in the trial court until the correctness of its action had been determined. If the order granting a new trial is sustained, then both parties will be at liberty to engage in the second trial without waiving any rights. If the trial court is not sustained, then the judgment can be entered on the original verdict and the expense and delay of a new trial be obviated."

In Shroyer v. Nickell, 67 Mo. 589, the cause was reversed in the Supreme Court and remanded, with direction to the trial court as to its further proceedings in the case. When this was done, the trial court followed the instructions of this court, and the plaintiff again appealed. This court said that the trial court had acted in conformity to directions, and "under those directions the plaintiff was not entitled to open the case and have a new trial . . . Had we simply reversed the judgment and remanded the cause, a different phase of the case would have been presented; as it is, we have only to affirm the judgment."

The same question was before the Kansas City

Court of Appeals in the case of State ex rel. v. Anthony, 65 Mo. App. 543. It was said: "When a cause has been remanded with special directions, it is out of the power of the court receiving such directions to open the cause and have a new trial. The mandate in such case is in the nature of a special power of attorney. By it authority and jurisdiction are granted to the lower court to take such steps as are ordered and such incidental steps as are necessary to carry the mandate into execution. It has no power to enter any other judgment, or to consider or determine other matters not included in the duty of entering the judgment as directed."

These decisions abundantly show, that the Supreme Court having obtained jurisdiction of the cause by appeal, and given specific directions to the trial court to set aside its order granting a new trial, overrule the motion therefor, and to enter up judgment for plaintiff upon the verdict, all that the trial court had power to do was to act in accordance with such directions.

Our conclusion is that the judgment should be affirmed. It is so ordered.

All concur.