WEGENSCHIEDE, by Her Next Friend, MUTH, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, April 24, 1906.**

1. **PLEADING: Appointment of Next Friend.** Where a minor child sued by a next friend and the petition alleged that the next friend had been "appointed by order of court," the allegation meant that the appointment was a matter of record in the court where the case was pending and proof of the appointment was unnecessary unless the fact was put in issue by a plea of *nul tiel* record.

2. **APPELLATE PRACTICE: Weight of Evidence.** Where there is substantial evidence to support a verdict, the appellate court will not review the action of the trial court in refusing to grant a new trial on the mere ground that the verdict is against the weight of evidence.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

*Boyle & Priest* and *Robert E. Moloney* for appellant.

(1) (a) The demurrers to the evidence should have been sustained, because there was no evidence of the appointment or qualification of a next friend to maintain the suit, or that the suit was prosecuted by a next friend. Porter v. Railroad, 60 Mo. 160; Casler v. Chase, 160 Mo. 418, 60 S. W. 1040; Cohn v. Railway, 182 Mo. 577, 81 S. W. 846. (b) The demurrers to the evidence should have been sustained, for the reason that the plaintiff in unnecessarily standing upon the bottom step of a moving car, was guilty of such negligence as precludes her recovery. Her negligence was the proximate cause of the injury. Ashbrook v. Railway,

18 Mo. App. 290; Wilmott v. Railway, 106 Mo. 535, 17 S. W. 490; Clark v. Railway, 36 N. Y. 135.   (2)   The court erred in overruling  defendant's motion for new trial on the ground that the verdict is against the weight of the evidence.   Spiro v. Transit Co., 102 Mo. App. 264, 76 S. W. 684; Spohn v. Railway, 87 Mo. 74; Nugent v. Milling Co., 131 Mo. 241, 33 S. W. 428; Whitsett v. Ransom, 79 Mo. 258; Friesze v. Fallon, 24 Mo. App. 439.

*O. J. Mudd* for respondent.

The objection that plaintiff was not proven to have legal capacity, cannot be raised by general denial in the answer, or general demurrer by instruction.   Rogers v. Marsh, 73 Mo. 64; Randolph v. Railroad, 18 Mo. App. 509; Taylor v. Pullen, 152 Mo. 434, 53 S. W. 1086; Clowers v. Railway, 21 Mo. App. 213; Cohn v. Railway, 182 Mo. 580, 81 S. W. 846.   But in no event will a verdict for plaintiff be set aside for such a defect.   The record in the cause shows the appointment of a next friend. R. S. 1899, secs. 659, 672.

STATEMENT.—Plaintiff and Maud Pytt, in 1904, lived as neighbors on Boyle avenue, in the city of St. Louis, and both worked at Lubins, on Washington avenue. On February 9th they quit work about six o'clock p. m., and took passage on one of defendant's cars traveling south on Manchester road, which crosses Boyle avenue, for the purpose of being carried to their homes. When the car arrived near Boyle avenue, they each gave a signal for the car to stop at Boyle avenue crossing to let them off the car. The car slowed down and both girls arose from their seats and went out on the rear platform. Plaintiff's evidence tends to show that when they reached the platform, the car came to a standstill on the north side of the intersection of Manchester road and Boyle avenue, where plaintiff proceeded down the steps to alight from the car, but just as she reached the lower step

and was in the act of stepping off the car, it was suddenly started with a jerk, causing her to fall to the ground. The left side of her head struck first, resulting in a fracture of the skull and the rupture of her left eardrum. She was found in an unconscious condition and carried into a nearby drugstore, where she was resuscitated and then assisted to her home, a block and a half away. She was confined to her bed for six weeks, during the first three of which she suffered intense and excruciating pain. Her evidence tends to show that the injury to her left ear is permanent; that the hearing in that ear has been reduced at least seventy-five per cent below normal; that pus exudes from the ear and it continues to be painful. Her evidence further tends to show that her general health has been impaired by the injury. Plaintiff and her companion, and several other witnesses testified that cars traveling south on Manchester road were in the habit of stopping on the north instead of the south side of Boyle avenue, for the purpose of receiving and discharging passengers, and that they (plaintiff and her companion) had frequently been let off the cars at that point.

The defendant read in evidence an ordinance of the city of St. Louis, which requires cars traveling in a southerly direction to stop on the south side of intersecting streets, for the purpose of receiving and discharging passengers. It offered evidence tending to show that cars traveling south on Manchester road never stopped on the north side of Boyle avenue for the purpose of receiving and discharging passengers, but uniformly on the south side.

In regard to the accident, defendant's evidence tends to show that the conductor of the car plaintiff was on gave the motorman a signal to stop at Boyle avenue; that the grade of Manchester road at that point is descending toward the south, and when the signal was given to stop, the motorman turned off the power and the

car slid along until it came to the south side of Boyle avenue, where it stopped; that it did not stop on the north side, but passed that point at a speed of from four to six miles an hour, and plaintiff stepped off the car while it was in motion and fell onto the street.

The jury found the issues for plaintiff and assessed her damages at three thousand dollars. Timely motions for new trial and in arrest of judgment were filed, which the court overruled and defendant appealed.

BLAND, P. J. (after stating the facts). — 1. At the close of plaintiff's case, defendant offered an instruction in the nature of a demurrer to the plaintiff's evidence. The refusal of the court to give this instruction is assigned as error. Plaintiff is under age and prosecuted her suit by and through her next friend, John B. Muth, whom the petition alleged had been appointed her next friend "by order of the court." No proof of the appointment of Muth was offered, and for this reason defendant contends that its instruction in the nature of a demurrer to the evidence should have been given. The answer is a general denial and a plea of contributory negligence. In respect to Muth, the petition alleged his appointment "by order of the court," which meant that his appointment was a matter of record in the court where the case was pending. This allegation could only be put at issue by a plea of *nul tiel record*—under the Code by special denial. [Cohn v. Railway, 182 Mo. 1. c. 580, and cases cited.]

In Porter v. Railroad, 60 Mo. 160, cited and relied on by defendant, the allegation of the appointment of the next friend was denied by the answer, and hence the case is not authority for defendant's contention.

The situation of the appointment of a next friend by order of the court, properly alleged in the petition, is different from one where a minor alleges in his petition that he sues by his guardian in fact, for the reason

the appointment of a guardian in fact is made by another court (a probate court) and hence the allegation of oppointment of the guardian must be proved. [Casler v. Chase, 160 Mo. 418.] It is further insisted that the instruction should have been given, for the reason plaintiff's own evidence convicts her of such contributory negligence as precludes her right of recovery. We discover no such evidence in her testimony; on the contrary, the evidence offered by her made a strong prima-facie case.

2. The point that the court should have sustained the motion for new trial, on the ground that the verdict is against the weight of the evidence, is not reviewable here, for the reason the well-settled rule of appellate practice in this State is that, where there is substantial evidence to support a verdict, this court will not review the action of the lower court in refusing to grant a new trial on the mere ground that the verdict is against the weight of the evidence. [Robinson v. Nolan, 152 Mo. 563; Vastine v. Rex, 93 Mo. App. 93.] It is the peculiar province of the trial court to supervise the verdicts of juries and grant a new trial when, in the judgment of the court, the verdict is against the evidence. [Hinzeman v. Railroad, 182 Mo. 611; Herndon v. Lewis, 175 Mo. 116; Farrell v. Transit Co., 103 Mo. App. 454; Scheutte v. Transit Co., 108 Mo. App. 186.]

No point is made on the giving or the refusal of the court to give instructions.

No error appearing, the judgment is affirmed. All concur.