MICHAEL UTZ, Respondent, v. ORIENT INSUR-
ANCE COMPANY, Appellant.

Kansas City Court of Appeals, December 6, 1909.

1. FIRE INSURANCE: Other Insurance on Same Property: Find-
ing of Jury. . A fire insurance policy, containing a provision
that the same shall be void if the assured has or procures other
insurance on the property described without the written con-
sent of the insurer, was issued to the plaintiff. There was
other insurance on that property at the time, of which plain-
tiff charged defendant had knowledge. Defendant denied hav-
ing any such knowledge. The jury found this issue in favor
of the plaintiff. Held, that the finding of the jury in favor of
the plaintiff on that issue had the effect of legalizing the
policy, notwithstanding the said provision.

2. ———: Evidence: Value of Property Destroyed. In the ab-
sence of proof of the market value, the cost of non-marketable
property may be shown, if the price was paid in good faith, in
the ordinary course of business and the absence of unusual cir-
cumstances, such testimony being connected by full proof of
its present condition or its condition at the time it was sold.

3. ———: ———: Original Cost. The original cost may be shown
in evidence for the purpose of proving the value of property
destroyed by fire.

4. ———: ———: Objection to Testimony. If a question pro-
pounded by counsel to witness is improper, objection should
be made before the witness answers, otherwise it comes too
late.

Appeal from Buchanan Circuit Court.—Hon. C. A. Mos-
man, Judge.

AFFIRMED.

Reed, Atwood, Yates, Mastin & Harvey and Neville
& Grier for appellants.

(1) The court erred in permitting the original
cost price of the various musical instruments to be prov-
en in the absence of any showing as to their condition

at the time of the fire.    The original cost price of an article is no criterion of its value.    Flournoy v. Railroad, 44 Mo. App. 398.    It is only when the testimony as to the cost price of non-marketable property is connected by full proof of its present condition, that evidence of the cost price of an article of this kind will be heard.    13 Encyc. of Evid., p. 534, and cases cited.    (2) The court erred in permitting counsel over defendant's objection to prove that the premium for the policy sued on was not returned to the assured or offered to be returned after the fire.    No duty rests upon a company to return the premium money in a case of this kind and defendant's case with the jury ought not to have been affected by this reflection upon its conduct.    Goorberg v. Insurance Co. (Cal.), 89 Pac. 133; Insurance Co. v. Mount (Miss.), 44 So. 162; Insurance Co. v. Rosenfield, 95 Fed. 358; Austin v. Mutual Reserve Fund Life, 132 Fed. 559.

*Brewster, Ferrell & Mayer* and *Culver & Phillip* for respondent.

(1)    It is first insisted that the court erred in permitting the original cost price of the various musical instruments to be proven, in the absence of any showing, as to their condition at the time of the fire.    Reference to the record discloses that no objection whatever was made to the introduction of the testimony as to the original cost of the musical instruments or the other personal property covered by the policy.    Hence, even if there was error in the admission of the testimony, appellant cannot complain here for the first time.    Besides, defendant proved the cost price on cross-examination. Evidence, as to the original cost of the property was properly admissible, as bearing on the value of the property at the time of the fire.    Connor v. Railroad, 181 Mo. 419; Matthews v. Railroad, 142 Mo. 666; Stevens v. Springer, 23 Mo. App. 385; Marchessean v. Insurance Co., 1 Rob. (La.), 438.    (2)    The plaintiff had testified,

and the jury found that at the time plaintiff obtained the policy sued on, he told defendant's agent that he held the other insurance in the Teutonia and North America. If the defendant, with that knowledge, desired to cancel its policy or avoid its liability thereon, on account of the "other insurance," it should have so notified the plaintiff and returned the premium. McIntyre v. Insurance Co., 110 S. W. 605; Trust Co. v. Insurance Co., 79 Mo. App. 362; Thompson v. Insurance Co., 169 Mo. 12; McCollum v. Insurance Co., 67 Mo. App. 66; Fink v. Insurance Co., 66 Mo. App. 513; Mills v. Insurance Co., 95 Mo. App. 211. (3) "He (the agent) knew of the additional insurance before the loss. His knowledge is that of the company. He did not object, but allowed the plaintiff to rely upon the vitality of the policy; and no question was ever raised about that matter until after the loss. If the company desired to forfeit the contract for this reason, it should have acted during the life of the contract, and it should have returned the unearned portion of the premium. If it had done so, the plaintiff could have secured other insurance." Thompson v. Insurance Co., 169 Mo. 25.

BROADDUS, J.—This is a suit on a policy of insurance for a loss occasioned by a fire. The policy covered insurance on a house for $800, and on furniture for $200. At the time the policy was issued the house was further insured in the sum of $700, in the Insurance Company of North America, also the further sum of $500, on the household goods including musical instruments in the Teutonia Insurance Company, and also the further sum of $300, on a piano alone in the Insurance Company of North America.

The policy in suit provides that the same shall be void if the assured has or procures other insurance on the property described without the written consent of the insurer shall have first been obtained. The defend-

ant interposed this provision as a defense against plaintiff's right to recover.

Plaintiff by his reply among other things alleges that at the time of the issuance of said policy in suit defendant was informed that there was other insurance.

Plaintiff claimed the statutory penalty for vexatious delay in avoiding payment of the loss. The judgment was for plaintiff for his loss, and the penalty added. At the instance of the court the plaintiff entered a remittitur for the latter.

An issue was raised on the question whether defendant was informed, at the time the policy in suit was issued, of the other insurance then in existence. The plaintiff testified that he informed defendant's agent at the time of the fact, which the agent denied. The jury found in favor of plaintiff on that issue which of course had the effect of legalizing the policy notwithstanding the recitations therein, that it should be void unless the written consent of the company should first be had.

Several errors of the court are assigned for a reversal of the judgment.

The court permitted witness it is claimed to testify to the cost price of the musical instruments, in the absence of any showing as to the condition at the time of the fire. "In the absence of proof of market value the cost of non-marketable property may be shown if the price was paid bona fide, in the ordinary course of business and the absence of unusual circumstances, such testimony being connected by full proof of its present condition, or its condition at the time it was sold." [13 Ency. of Evid., 534.] It is however held by the appellate courts of this State that it is legitimate for the purpose of showing the value of property destroyed to show its original cost. [Matthews v. Railroad, 192 Mo. l. c. 666; Conner v. Railroad, 181 Mo. l. c. 419; Stevens v. Springer, 23 Mo. App. l. c. 385.] In such instances: "Defendant had the right to show the difference in the

cost and the depreciation in value by use and natural causes." [Matthews v. Railroad, supra.] Here, however, plaintiff was asked also and testified as to the value of the goods at the time of the fire, but not as to the marketable value. But this evidence was admitted without objection. It is too late to make such objections after trial and judgment.

Plaintiff asked witness the following question: "Did Mr. Welch or Mr. Andrews or any one else for the company ever return or offer to return any part of the $8 (the premium) to you." Answer: "No, sir." Defendant said: "We object to that; it is immaterial." The court overruled the objection. Defendant's counsel remained silent until after the question was answered before he made the objection. If the question was improper, objection should have been made before answer. [Waddell v. Railroad, 113 Mo. App. l. c. 686; Foster v. Railroad, 115 Mo. 165; Maxwell v. Railroad, 85 Mo. l c. 106.] But the question was proper. [Trust Co. v. Insurance Co., 79 Mo. App. 362.]

Objection is made that there was no specific proof of the value of the piano. Witness was asked what was its value. He answered that he paid $250 for it. He was then asked if that was its value. His answer was: "Yes, sir." No objection was made to this evidence and it seems that it was satisfactory to defendant as it did not offer any evidence on its part as to such value.

Finding no substantial error in the trial the cause is affirmed. All concur.