MANOLIS KOUKOURIS, Respondent, v. UNION
PACIFIC RAILROAD Company, Appellant.

### Kansas City Court of Appeals, May 22, 1916.

1. NEGLIGENCE: Railroads: Master and Servants: Rails.
The plaintiff, a track laborer, was engaged in replacing new
ties under the rails of the defendant's railroad. The rails
were raised on jacks, and when a train approached the foreman
ordered the rails lowered. A fellow servant without warning
lowered one of the rails on plaintiff's foot, smashing three toes,
for which he sues to recover damages. *Held*, that the fellow
servant was negligent in dropping the rail without warning
and before the plaintiff had been afforded a fair chance to shift
his position.

2. ————: Federal Employers' Liability Act. Under the Employ-
ers' Liability Act contributory negligence is not a bar to re-
covery by the plaintiff where negligence for which the employer
is responsible is also found to be the proximate cause of the
injury.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lu-
cas*, Judge.

AFFIRMED.

L. A. *Laughlin* for respondent.

R. W. *Blair* and *Watson, Gage & Watson* for ap-
pellant.

JOHNSON, J.—Plaintiff sued in a justice court to
recover damages for personal injuries he alleged were
caused by negligence of defendant, his employer. A
trial in the circuit court on appeal resulted in a ver-
dict and judgment for plaintiff and defendant ap-
pealed. Plaintiff was a member of a large gang of
section men engaged in repairing defendant's main
tracks in Kansas City, Kansas, and it is concluded

that his alleged cause of action falls within the operation of the Federal Employers' Liability Act. Old ties were being replaced by new in the track, both rails of which had been raised and were supported by track jacks. Plaintiff and a fellow laborer were at opposite ends of a new tie which, with the aid of their picks, they were attempting to move into place. Plaintiff stood astride a rail with his left foot under it, and was in such position when a passenger train, running on that track, appeared in the distance. The train could not safely pass over the track unless the rails were lowered to the ties and it became necessary to do this and remove the jacks before the arrival of the train which was approaching at usual speed. The foreman called out, "Hurry up," and immediately thereafter a fellow employee of plaintiff suddenly and without warning operated the jack in a way to quickly lower the rail which came down on plaintiff's left foot mashing three of his toes. Plaintiff testified, "the foreman didn't tell me to put my foot underneath the rail but that was my work and I done it myself. We have to put our feet in under there in order to do the work. This work is done the same as always. In order to do this particular work, we have to keep our feet under the rail most of the time. You cannot stay on the outside of the track and do this work." The men replaced the jack, raised the rail high enough for plaintiff to withdraw his foot, and lowered it again before the train arrived at that place.

The negligence charged in the petition is "that a fellow laborer suddenly and without warning carelessly and negligently lowered the rail causing it to come down on plaintiff's left foot."

In their argument on the demurrer to the evidence counsel for defendant attempt to bring the case within the rule that section men whose business is to work upon and repair tracks upon which trains are

being run are supposed to look to their own safety and to keep out of the way of trains. [Witham v. Delano, 184 Mo. App. 677; Sissel v. Railroad, 214 Mo. l. c. 528; Clancy v. Transit Co., 192 Mo. l. c. 657; Evans v. Ry. Co., 178 Mo. l. c. 617.]

This is not a case where the injured laborer was ignorant of the coming of the train and complains of the failure of his master to warn him but is one where he and his fellow laborers knew the train was coming and realized the necessity for ceasing the work they were doing, restoring the track to a safe condition for the use of the train, and then leaving the track before its arrival. The complaint of plaintiff, in substance, is that without giving him an opportunity to change his position which was a proper one and without any warning, a fellow laborer in his haste worked the supporting jack so quickly that the rail was dropped down on plaintiff's foot. As to the quality of the act of the fellow servant described in plaintiff's evidence it may be likened to that of the bearer of one end of a load who suddenly and without warning drops it and thereby injures the bearer of the other end.

Knowing that laborers, such as plaintiff, were putting in new ties and were in position where such precipitate action would injure them, the fellow servant in this instance clearly was negligent in dropping the rail without warning and before plaintiff had been afforded a fair chance to shift his position.

The Federal Employers' Liability Act of 1908, which took possession of the field of employers' liability to employees in interstate transportation by rail, and superseded all State laws and juridical policies upon the subject (Second Employers' Liability Cases, 223 U. S. l. c. 55) abolished the common-law rule exempting the employer from responsibility for the negligence of a fellow employee of the plaintiff and elimi-

nated the defense of assumption of risk in cases where the injury of the plaintiff was caused by the negligent act of a fellow servant with whom he was working. [Seaboard Air Line Ry. v. Horton, 233 U. S. 492.] If the defense of assumption of risk were available in a case of this kind it would be difficult to imagine circumstances under which the rule imposing liability upon the employer for the negligence of a fellow servant could be applied.

Under the Employers' Liability Act contributory negligence is not a bar to a recovery by the plaintiff where negligence for which the employer is responsible is also found to be a proximate cause of the injury. [Railway Co. v. Earnest, 229 U. S. 114.]

The evidence of plaintiff tends to exonerate him from any fault or negligence but the defense of contributory negligence involved issues of fact which we find were submitted to the jury in proper instructions. The demurrer to the evidence was properly overruled. We have sufficiently answered defendant's criticisms of the rulings on instructions. There is no prejudicial error in the record and the judgment is affirmed.

All concur.