HOEPPER v. SOUTHERN HOTEL COMPANY, *Appellant.*

Division One, January 29, 1898.

1. **Practice:** INSTRUCTIONS: REPETITIONS.    An instruction should avoid unnecessary repetitions, in different forms, of the principles of law governing a case.

2. ———: ———: ABSTRACT PROPOSITIONS OF LAW.    An instruction that states an abstract proposition of law and leaves it to the jury to apply the facts unaided should not be given.

3. ———: ———: REVERSAL: NEW TRIAL.    Instructions faulty because of unnecessary repetitions and because they contain simple abstract propositions of law will not generally authorize a reversal of a verdict; yet if the trial court has given a new trial because of such mistakes, an appellate court will not interfere unless it has clearly abused its discretion.

4. **Practice:** NEW TRIAL: PRESUMPTION.    The order granting a new trial is presumptively correct.

5. **Defective Machinery:** FOREKNOWLEDGE. An instruction that told the jury that "defendant can not be chargeable in this action unless the injury is of such a character, in the manner of its occurrence, as might have reasonably been foreseen or expected by defendant, as the natural result of the machinery running roughly and jerking,"'was erroneous. If the injury follows as the direct consequence of the negligent act, the defendant can not be excused because the injury was not foreseen.

6. **Appellate Practice:** REASONS FOR GRANTING NEW TRIAL. In case the reasons assigned by the trial court for granting a new trial are not sufficient, the appellate court may inquire whether the order granting the new trial may be upheld on some other ground assigned in the motion therefor. But where the grounds assigned in the motion are sufficient, the appellate court will not seek for outside grounds upon which to override the order granting a new trial.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*A. & J. F. Lee* for appellant.

(1) The plaintiff has no cause to complain in any event, as the verdict on the evidence should have been for the defendant for the following reasons: *First.* Plaintiff was not fulfilling the duties of her employment when injured, and there is no evidence of neglect of duty by defendant. *Troth v. Norcross*, 111 Mo. 630; *Ring v. Railroad*, 112 Mo. 220; *O'Donnell v. Baum*, 38 Mo. App. 245; *Sparks v. Railroad*, 31 Mo. App. 111; *Blanton v. Dold*, 109 Mo. 64; *McDonald v. Crystal Plate Glass Co.*, 9 Mo. App. 577; *Covey v. Railroad*, 86 Mo. 635. *Second.* The negligence of defendant, charged by plaintiff, if true, would not be the proximate cause of plaintiff's injury. Cooley on Torts, p. 69; Bishop on Non-Con. Law, sec. 43; Sher. and Red. on Neg., sec. 57; *O'Malley v. Railroad*, 113 Mo. 319; *Porter v. Anheuser-Busch, Etc.*, 24 Mo. App. 1; *Hicks v. Railroad*, 46 Mo. App. 304; *Greenland v. Chaplin*, 5 Ex.

248; *Gerhard v. Bates*, 2 Ell. and Bl. 490; Wharton on Neg., sec. 78; *Christy v. Hughes*, 24 Mo. App. 275. *Third.* The negligence of plaintiff herself, which was glaring and fool-hardy, was the direct and sole cause of her injuries. *Webber v. Railroad*, 100 Mo. 194; *Carroll v. Interstate Transit Co.*, 107 Mo. 653; *Corcoran v. Railroad*, 105 Mo. 399; *Gleason v. Excelsior Mfg. Co.*, 94 Mo. 201; *Covey v. Railroad*, 86 Mo. 635; *Current v. Railroad*, 86 Mo. 62; *Smith v. Railroad*, 69 Mo. 32; *Kinney v. City of Springfield*, 35 Mo. App. 97; *Fukes v. Railroad*, 111 Mo. 335; *Junior v. Electric Light Co.*, 127 Mo. 79. (2) If the above points are well taken, the verdict and judgment rendered in favor of defendant should have been permitted to stand, and the order granting a new trial should now be reversed, even though the instructions given by the court at the request of the defendant were erroneous and misleading, because the error would be harmless. *Gray v. Worst*, 129 Mo. 136; *Fox v. Windes*, 127 Mo. 502; *Overholt v. Vieths*, 93 Mo. 422; *Randle et al. v. Railroad*, 35 Mo. 325; *Boggess v. Railroad*, 118 Mo. 328; (3) The instructions are unobjectionable, being neither erroneous nor misleading. *Loring v. Railroad*, 128 Mo. 349, 357; *Yancey v. Railroad*; 93 Mo. 433; *Kelly v. Railroad;* 101 Mo. 67; *Hudson v. Railroad*, 101 Mo. 13; *Tetherow v. Railroad*, 98 Mo. 74; *Karle v. Railroad*, 55 Mo. 476. (4) All the instructions taken together are complete, and prevent the possibility of the jury's having been misled or misdirected. *Hughes v. Railroad*, 127 Mo. 447; *Scott-Force Hat Co. v. Hombs*, 127 Mo. 392.

*A. R. Taylor* for respondent.

MACFARLANE, J.—This is a suit to recover damages for personal injuries received by plaintiff on account of

the alleged negligence of defendant in providing for her use, as an employee, defective and dangerous machinery.

The petition charges that "on the 14th day of May, 1892, the plaintiff was in the service of the defendant, running a certain steam clothes wringer. That said machine and appliances thereof were and had been for a long time prior to said time, in a defective and dangerous condition, as defendant by its agent having charge of keeping the same in repair well knew; that the springs and appliances of said machine were worn out and loose, whereby said appliance ran rough and jerked. That on said day, while plaintiff was in the discharge of the duty of her employment, adjusting clothes in said wringer, owing to said defective condition of said machine the rim of the wringer was caused to strike plaintiff's right arm at the elbow with great force, whereby plaintiff's arm was fractured and muscles and sinews of said arm greatly contused and lacerated, so that her right hand and fingers thereof are drawn out of shape and greatly injured. That defendant was negligent in furnishing said appliances in said defective condition to plaintiff to work with in the discharge of her said employment." Judgment for $10,-000 is demanded.

By its answer defendant denies these charges, and avers affirmatively that plaintiff's injuries were caused by her own negligence directly contributing thereto.

The wringing machine with which plaintiff was employed to work was run by steam power. The evidence tends to prove that for some time the machine had been so out of repair and worn that the appliance into which the clothes were placed ran "roughly and jerked" by reason of which the clothes, placed therein for drying, did not always remain in proper position and required adjustment. In order to adjust the

clothes when thrown out of place, it was necessary for the operator to put her hand into the basket, as it was called, which contained the clothes.    While in operation this basket revolved rapidly but smoothly and regularly when in proper order.    When out of order it ran roughly and jerked.    The machine could be easily stopped, and the evidence tends to prove that plaintiff had been instructed never to put her hand into the basket while it was in motion.    Plaintiff denied that she had such instructions.    Plaintiff knew that the machine was out of order, and the evidence tends to prove that defendant's forewoman, who had charge of the business, also knew its condition, and knew that plaintiff continued to work thereat.    Several attempts were made to repair the machine while plaintiff was using it.    On the morning of the fourteenth of May, 1892, while plaintiff was operating the machine the clothes got out of place, and while the machine was in operation plaintiff put her hand in the basket in order to put the clothes in place and her arm was struck by the rim of the basket and was thereby injured.    The evidence tended to prove that the injury was occasioned by the sudden jerking of the basket caused by the said defects in the machine.

At the request of defendant the court gave the jury a number of instructions, of which 1, 2, 6, and 10 are as follows:

"1.    The court instructs you that an employee, in entering upon service, takes upon herself the ordinary risks and dangers of her employment, and that if the injury in this case is simply the result of such dangers and risks, your verdict must be for the defendant.

"The court further instructs you that an employer does not guarantee or in any way insure the safety of its employees, and that the defendant in this case did not guarantee or insure the safety of the plaintiff,

Frances Hoepper, at the work at which she was engaged when injured, and that the only fault for which you can hold it liable, if you hold it liable at all, is for the want of ordinary care in permitting the wringer to run 'rough and jerk.' No other defect in the wringer, if any such you find, can be considered by you, except such defect as caused it to run roughly and jerk. It is immaterial that said wringer did run roughly and jerk unless you find from the evidence that its so running roughly and jerking were the direct cause of the injuries received by plaintiff. The mere fact alone, if such you find from the evidence to be the case, that the injuries could not have been received by plaintiff unless the wringer did run roughly and jerk is no ground for finding a verdict against the defendant, but to authorize a verdict against the defendant it will be necessary for you to find that its so running roughly and jerking were the proximate cause of plaintiff's injuries, and that its so running roughly and jerking were negligence upon defendant's part, as defined in the instructions in this case, and even if you find that its so running roughly and jerking were negligence upon the part of the defendant as defined in the instructions in this case, your verdict must be for the defendant unless you find that its so running roughly and jerking as distinguished from the proper and regular motion of said machine, free from negligence, were the direct cause of the injuries received by plaintiff. If you find from the evidence that the injuries received by plaintiff were directly due to the regular and proper running of the machine without any want of ordinary care in this respect upon the part of the defendant, your verdict must be for the defendant.

"If you find from the evidence that the injuries which plaintiff received were directly contributed to by want of ordinary care on her part, or would have been avoided by the exercise of ordinary care on her part,

in either event, your verdict must be for the defendant. If you find from the evidence that the injuries were caused by the concurrent negligence of plaintiff and defendant, your verdict must be for the defendant. If you find from the evidence that the injuries received were the result of mere accident or misadventure, your verdict must be for the defendant. If you find from the evidence that the wringer did run roughly and jerk, and that its running roughly and jerking caused the injuries received by the plaintiff, Frances Hoepper, but do not find from the evidence that the defendant, or some forewoman or officer of defendant or some agent of defendant having charge of keeping same in repair knew, or by the exercise of ordinary care would have known, that its so running roughly and jerking was liable to produce some such injuries as those received by the plaintiff without any negligence upon her part, your verdict must be for the defendant. You are instructed that it was not the duty of the defendant to make provision against carelessness, disobedience of orders, and want of ordinary care upon the part of the plaintiff. The defendant can not be chargeable in this action unless the injury is of such a character in the manner of its occurrence as might have reasonably been foreseen or expected as the natural result by defendant of its so running roughly and jerking. Before you can find for the plaintiff, Frances Hoepper, in this cause, you must believe from the evidence that some injuries as were received by her or other bodily harm were foreseen by defendant, or would have been foreseen by the defendant or some agent having charge of keeping said wringer in repair or some forewoman or officer thereof by the exercise of ordinary care, as liable to ensue from the wringer's running roughly and jerking.

"You are instructed that if you find from the evi-

dence that Frances Hoepper placed her hand in the wringer, and that this was failure to exercise ordinary care upon her part, and that it directly contributed to bring about the injuries received by her, your verdict must be for the defendant. You are instructed that if you find from the evidence that Frances Hoepper knew, or by the exercise of ordinary care would have known of the danger of placing her hand in said wringer, and by the exercise of ordinary care foresaw or would have foreseen the injuries received as liable to ensue from such action on her part, it was incumbent upon her to exercise ordinary care to avoid such injuries, and her failure to do so would constitute negligence and prevent her recovery in this action, if you find from the evidence that she did so place her hand negligently in said wringer.

"And you are further instructed that although you may find that the plaintiff was injured by reason of any defects of the wash wringer, yet you must find for the defendant, unless you further find that plaintiff received her injury by her arm being struck by said wringer and that she thus received her injury.

"2. The court instructs you that if you find from the evidence that the plaintiff, Frances Hoepper, negligently disobeyed the orders of the forewoman, or that she negligently placed her arm upon the wringer or negligently put her hand within the wringer, and that either one of said acts directly contributed to produce the injuries received by plaintiff, or if you find that the want of ordinary care by plaintiff herself in her conduct about said machine in any respect directly contributed to produce the injuries received by her, then you must find for the defendant, though you may believe from the evidence that the condition of said machine in regard to its running roughly and jerking,

if such you find to be the case, was negligence upon the part of the defendant, and that said injuries would not have been received if the said wringer had not run roughly and jerked.

"6.    The court instructs you that what constitutes 'ordinary care' as defined in these instructions depends upon the facts in each particular case. It is such care as a person of ordinary prudence would exercise according to the usual and general experience of mankind in the same situation and circumstances as those of the person or persons in this case with reference to whom the term "ordinary care" as used in these instructions. The omission of such care is negligence in the sense in which that word is used in these instructions.

"10.    You are further instructed that if you believe from the evidence that the injuries received by Frances Hoepper were directly caused by her act in placing her hand in the wringer and further believe from the evidence that such act was inconsistent with ordinary care on her part, then your verdict must be for the defendant even though you should further find that the defendant was guilty of a want of ordinary care or even graver fault, in permitting the wringer to run rough and jerk, if such you find to be the case."

The verdict of the jury, upon these instructions and others given for plaintiff, was for defendant.

In due time plaintiff filed a motion for a new trial, assigning as grounds therefor the following:

1.    Error in admission of evidence offered by defendant.

2.    Error in excluding evidence offered by plaintiff.

3.    Error in instructions given at the request of the defendant.

4.    Error in instructions on court's own motion.

5.   Error in modifying instructions asked by the plaintiff.

6.   The verdict is against the weight of evidence.

7.   The verdict is against the law and the evidence.

8.   The verdict is the result of bias and prejudice on the part of the jury.

9.   The verdict is for the wrong party.

The court sustained the motion and ordered a new trial upon the ground, "that a good part of instruction 1, part of instruction 2, instruction 6 and a part of instruction 10, given on behalf of defendant, are erroneous and misleading." From the order granting a new trial the defendant appealed.

I.   The instructions are open to criticism on account of unnecessary repetitions, in different forms, of the principles of law governing the case, and in stating abstract propositions of law, thus leaving the jury to apply the facts unaided. While such instruction would not, on appeal, generally authorize the reversal of a judgment, yet, if the trial court regarded the objections as sufficient to justify it in setting aside the verdict, it may well be questioned whether or not the appellate court should interfere. *Bunyan v. Railroad*, 127 Mo. 22.

The presumption is always in favor of the correctness of the rulings of the circuit court. It has committed to it much discretion in the matter of granting new trials and this court should not interfere unless its discretion has clearly been abused. It is therefore uniformly held that an appellate court will not interfere with the discretion of the circuit court in granting a new trial on the ground that the verdict is against the weight of the evidence. The proceedings are all in the presence of the court and it can better judge of the fairness of the trial than the appellate court which has

before it the cold record only.   For the same reason an appellate court should hesitate to interfere with an order granting a new trial on the ground that the instructions are misleading.   The order is presumptively correct.   The judge who presides over the trial, and who hears the arguments of counsel and the construction given to the instructions, can detect inconsistencies and misleading features which might escape the observation of appellate judges.

One reason given by the court for granting a new trial was that the instructions were misleading.  While we may be unable to point out any specific parts of the instructions which appear to sustain this objection, still, in view of the length of the first instruction, the repetition of the same principles of law, and the statements of abstract propositions of law, we would, if necessary, be inclined to sustain the ruling.

II.   But instruction 1 declares in several different forms that "defendant can not be chargeable in this action unless the injury is of such a character, in the manner of its occurrence, as might have reasonably been foreseen or expected by defendant, as the natural result of the machine running roughly and jerking." This we are of the opinion is not a correct declaration of law as applied to the facts of this case.   It is true, the negligent act must in all cases be the proximate course of the injury in order to make the actor responsible therefor.   But if the injury follows as a direct consequence of the negligent act or omission, it can not be said that the actor is not responsible therefor because the particular injury could not have been anticipated.   A neglect to anticipate and guard against that which no reasonable man would expect to occur may not be negligence.   "If the wrong and the damage are not known by common experience to be usual in sequence, and the damage does not, according to the

ordinary course of events, follow from the wrong, the wrong and damage are not sufficiently conjoined or cotenated as cause and effect to support the action." *Gerhard v. Bates*, 2 Ell. & Bl. 490; *Greenland v. Chaplin*, 5 Exc. 248. But in case the negligence is shown, "and the injurious consequences are immediate, and flow directly from the negligent act, the person guilty of the act will not be excused for the reason that the particular consequences were unusual, and could not ordinarily have been foreseen." *Graney v. Railroad*, 140 Mo. 98; 16 Am. and Eng. Ency. of Law, 432, and cases cited. In *Smith v. Railroad*, L. R. 6 C. P. 20, it is said by CHANNELL, B.: "I quite agree that where there is no direct evidence of negligence, the question what a reasonable man might foresee is of importance in considering the question whether there is evidence of negligence for the jury or not; but when it has been determined that there is evidence of negligence, the person guilty of it is equally liable for its consequences, whether he could have forseen them or not."

In this case the evidence tends to prove that the machine plaintiff was put to work with had been negligently permitted to become and continue defective by reason of which the basket, which contained the clothes, while revolving would jerk or rock, instead of moving regularly as it would have done had it been in good condition, and the clothes were thereby thrown out of position; that plaintiff, in attempting to adjust the clothes, put her hand in the basket, where, by reason of its irregular movement, her arm was struck and injured. So the evidence tends to prove the negligence and that the injury was the direct result thereof. It could make no difference whether or not defendant could have anticipated the particular injury.

The instruction was misleading if not absolutely

erroneous and justified the court in granting a new trial.

III.    Counsel for defendant insists that upon the pleadings and all the evidence the verdict was for the right party and for that reason the order granting the new trial should be reversed and a judgment for defendant upon the verdict ordered.

The verdict was in favor of the appealing party. The appeal is from the order granting a new trial, and involves its correctness and nothing more. In order to sustain the order, in case the new trial was not properly granted for the reasons assigned by the court, we may inquire whether or not the order could be sustained upon some other ground assigned in the motion for a new trial. *Stanard Milling Co. v. Transit Co.,* 122 Mo. 270; *Bradley v. Reppell,* 133 Mo. 560.

We find that the new trial in this case was properly granted for the reasons given by the court. It is immaterial whether or not the order might have been sustained for other reasons assigned by respondent in her motion for a new trial. There is no authority or reason for seeking, outside the motion for a new trial, for grounds upon which to reverse the judgment. When a new trial is properly ordered on the motion of respondent for any of the reasons assigned, no course is left to us but that of affirming the judgment. The order granting a new trial is therefore affirmed. BARCLAY, C. J., and ROBINSON and BRACE, JJ., concur.