ROSCOE L. CHAMBERLAIN and ROBERT M. CHAMBERLAIN, Copartners, doing business as UNITED FARM AGENCY, Respondents, v. F. A. GRISHAM and CONA GRISHAM, Appellants, No. 41605—230 S. W. (2d) 721.

Division One, May 8, 1950.

Rehearing Denied, June 13, 1950.

*Rogers & Rogers* for appellants.

*Green & Green* and *Paul Boone* for respondents.

VAN OSDOL, C.—This appeal, originally to the Springfield Court of Appeals, was perfected by defendants from a judgment for $1100 for plaintiffs, real estate brokers, in their action for one half of the commission as provided in an "Exclusive Listing Agreement." The Springfield Court of Appeals affirmed the trial court's judgment, but transferred the cause to this court on the stated ground of conflict of the opinion with a previous decision of the Kansas City Court of Appeals. This court will determine the case as if here on original appeal. Section 10, Article V, Constitution of Missouri, 1945, Mo. R. S. A. Const. Art. V, § 10; Supreme Court Rule 2.06.

Defendants-appellants contend that the Agreement was unilateral, and revocable at the will of defendants; that the Agreement was revoked by defendants; and that plaintiffs-respondents consequently were not entitled to recover.

The Agreement, dated September 7, 1945, signed by defendants, provided, "* * * (B) I (defendants, record owners) grant you (plaintiffs, real estate brokers) the sole and exclusive right to procure a purchaser ready, willing and able to buy said property (a hotel) at a price of $22,500.00 * * *. (C) I agree that if a purchaser is procured through you, or your representative, at a price and on terms as herein stated, or at any other price and on any other terms acceptable to me, I will pay you forthwith as commission 10% of the selling price. (D) I agree that if the property described herein is sold, during the term of this agreement, to a purchaser procured through my own efforts, or through any broker * * * other than you, I will forthwith pay you one-half the amount of commission as provided in clause (C) above. * * * (G) I agree that the contract shall remain in effect for a period of one year from the date named below (September 7, 1945), and thereafter until 30 days' notice in writing shall have been received by you * * *. (H) I acknowledge that the listing of this property, and your endeavor to procure a purchaser for same, shall constitute a good and sufficient consideration for this agreement * * *."

Facts were stipulated by the parties, plaintiffs and defendants, as follows,

"That * * * before the sale hereinafter referred to, the defendants orally notified the agents of the plaintiffs to take the hotel * * * from their list. * * * plaintiffs, by their agent, spent

considerable time and money in attempting to sell said property, and in showing said property to prospective customers, and that the agent of plaintiffs was on a deal and attempting to sell said property to a person residing in the State of Oklahoma, at the time said property was sold by defendants  *  *  *.  That the defendants through their own efforts and without the assistance of the plaintiffs sold the hotel and equipment for the sum of $22,000.00 on the 11th day of March, 1946, and conveyed, transferred and delivered said property to the purchasers *  *  *.''

Since the authority of an agent is derived from his principal who alone generally has an interest in the subject matter relative to which the agent's power or authority is to be exercised, the principal is entitled to full control over the continuance of the authority; and, where the agent has no interest in the subject matter of the agency, the principal has the power to revoke the agency at any time, at least before performance by the agent, and thereby terminate the agent's authority to act in the principal's behalf.  The agent cannot insist upon acting for the principal after the principal has withdrawn his confidence and no longer desires the agent's aid.  Glover v. Henderson, 120 Mo. 367, 25 S. W. 175;  State ex rel. Walker v. Walker, 88 Mo. 279;  2 C. J. S., Agency, § 73, p. 1153.  This does not mean the principal, as between himself and the agent, can with impunity breach a valid contract of agency.  Glover v. Henderson, supra;  8 Am. Jur., Brokers, § 39, p. 1007.  Where the agent has no interest in the subject matter of the agency, the principal has the *power*, and, in a qualified sense, the *right* to revoke the agency at his will. Glover v. Henderson, supra;  State ex rel. Walker v. Walker, supra; Vol. 1, Mechem on Agency, 2d Ed., § 568, p. 405.

In our case the agents, plaintiffs, had no interest in the subject matter of the agency, save merely an interest in being afforded an opportunity to exercise agential power in order to earn a commission, and we are concerned herein with the *right* of the principals, defendants, to revoke their agents' power or authority.

As we have said, it is contended there was no valid contract of agency because the Agreement, defendants-appellants say, was unilateral—there was no mutuality of obligation.

By the Agreement defendants undertook in Clause (C), supra, to pay a 10% commission to plaintiffs should plaintiffs procure a purchaser for defendants' property;  but the listing of the property by plaintiffs and their endeavor to procure a purchaser were the stipulated consideration for defendants' promise.  Although defendants gave plaintiffs ''the sole and exclusive right to procure a purchaser,'' the Agreement contemplated and made provision for the possible eventualities that defendants (or some real estate broker other than plaintiffs) might procure a purchaser ''during the term'' of the Agreement.

The defendants put a qualification on their own sale of the property during the term of the contract. In one of such contingencies or eventualities it was provided in Clause (D), supra, that defendants should pay plaintiffs one-half the commission provided in Clause (C).

While the Agreement did not expressly bind plaintiffs to do anything at all and plaintiffs had no interest in the subject matter of the agency, plaintiffs, it may be inferred, listed the property and, according to the agreed statement of facts, *acted* in the endeavor to procure a purchaser, spending considerable time and money. At the time of defendants' sale to a purchaser, plaintiffs were attempting to sell the property. As we see it, defendants made a twofold promise, or contingently alternative promises. It may be seen the defendants promised that if plaintiffs would list the property and attempt to find a purchaser, defendants would pay plaintiffs a stated commission if they found one, or, if plaintiffs did not find one, yet, if defendants by their own efforts procured a purchaser, defendants would pay plaintiffs one half of the stated commission. Now the placing of the property upon plaintiffs' list and plaintiffs' endeavor to procure a purchaser were the consideration for defendants' twofold promise. Upon the performance of these stipulated acts in reliance upon defendants' promise the Agreement became a bilateral one and binding upon defendants. Mercantile Trust Company v. Lamar, 148 Mo. App. 353, 128 S. W. 20; Vol. 2, Mechem on Agency, 2d Ed., § 2453, pp. 2051-2052; 19 L. R. A. (N. S.) 599; L. R. A. 1917E, 1040. Since plaintiffs' acts made defendants' promise binding, it seems defendants were bound by contingently alternative obligations to pay plaintiffs for their efforts in endeavoring to procure a purchaser, if a purchaser were procured during the term of the Agreement.

Our case is to be differentiated from those cases where there was a mere promise on the part of the property owner to pay a commission upon the completed performance by the real-estate broker in effecting a sale or in the procurance of a purchaser ready, willing and able to buy. See § 2452, Mechem on Agency, supra, at pages 2049-2051; and notice the "nude promise" in Kolb v. Bennett Land Co., 74 Miss. 567, 21 So. 233, a case cited and greatly relied on by defendants-appellants.

It is important to notice that in the Agreement the relation of principal and agent was expressly for a stated term of duration, that is, for one year ("and thereafter until 30 days' notice in writing"). Clause (G), Agreement, supra.

Our case is different from those cases where there is no intention of the parties expressed in or to be implied from the contract of agency that the relation shall exist for a definite time. For examples, see the cases in the Annotations, 24 A. L. R. 1537 and 28 A. L. R. 893.

Specifically it is said that where a valid mutual contract of agency is for a definite period of time, expressed or implied, a revocation of the agent's authority without cause before the expiration

of the period of time renders the principal answerable to the agent as for a breach of the agreement. Green v. Cole, 127 Mo. 587, 30 S. W. 135; Glover v. Henderson, supra; 8 Am. Jur., Brokers, § 40, pp. 1007-1008; 38 L. R. A. (N. S.) 366; L. R. A. 1918D, 731. And at the agent's election he may treat the contract as rescinded and bring an action to recover the value of his services and money expended. Glover v. Henderson, supra; Ehrlich v. Aetna Life Ins. Co., 88 Mo. 249. (There is no contention in the instant case that defendants undertook to terminate the relation for cause.)

■ Although the principals, defendants in the case at bar, had the power to revoke, and, *before the sale of the property by defendants*, did revoke the plaintiffs' authority to further act in defendants' behalf by notifying them to take the property from their list, thereby taking away plaintiffs' authority to further act for defendants with the view of earning the stated commission of 10%, yet defendants, as between themselves and plaintiffs, had no right to do so. Consequently, in so doing, defendants became answerable to plaintiffs as for breach of the Agreement. Glover v. Henderson, supra. But, in our opinion, plaintiffs were not obliged to seek relief for the breach. Plaintiffs fulfilled their obligation in endeavoring to find a purchaser in so far as they were permitted by defendants. Although defendants revoked their agents' *power* which had been granted by the Agreement, the revocation was wrongful. Defendants did not thereby revoke the *Agreement*. Plaintiffs could waive their claim based upon defendants' breach of the contract and state a claim upon defendants' alternative obligation as provided in Clause (D) of the Agreement. 17 C. J. S., Contracts, § 458, pp. 943-946.

As stated, by Clause (D) of the Agreement the parties had contemplated defendants through their own efforts might sell the property during the stipulated minimum time, one year, during which the Agreement was to remain in force, but, in such event, plaintiffs were to be compensated for their efforts in endeavoring to procure a purchaser by the payment to them of ''one-half the amount of commission as provided in clause (C).'' And according to the stipulated facts defendants through their own efforts sold the property for $22,000 within the year following the date of the Agreement. The plaintiffs' claim was properly stated upon the contract, and the trial court's judgment for $1100 was not erroneous. Compare Keeney v. Freeman, 236 Mo. App. 260, 151 S. W. 2d 532; Wanstrath Real Estate Co. v. Wenz, 185 Mo. App. 162, 170 S. W. 345; Hoskins v. Fogg, 60 N. H. 402.

The judgment should be affirmed.

It is so ordered. *Lozier* and *Aschemeyer, CC.*, concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.