Marion DOUGLASS and Napoleon Douglass, Plaintiffs-Appellants,

v.

MISSOURI CAFETERIA, INC., d/b/a Miss Hullings Cafeteria, Inc., Defendant-Respondent.

No. 35939.

Missouri Court of Appeals, St. Louis District, Division Two.

Dec. 16, 1975.

Howard, Richardson & Edwards, Raymond Howard, Jr., St. Louis, for plaintiffs-appellants.

Dolgin, Juncker & Beilenson, Joseph J. Dolgin, Clayton, for defendant-respondent.

KELLY, Judge.

Marion and Napoleon Douglass, plaintiffs-appellants, sought damages against defendant for Mrs. Douglass' personal injuries sustained when she was on defendant's premises and for Mr. Douglass' loss of consortium and incidental monetary losses sustained as a direct result of his wife's inju-

ries. The suit was instituted by the filing of plaintiffs' (as they shall hereinafter be referred to) petition on October 27, 1971, and this was superseded by a First Amended Petition filed on October 24, 1972. The gist of plaintiffs' cause of action is that while Mrs. Douglass was on the premises of the defendant on May 22, 1970, as a business invitee, and "as plaintiff was descending the front stairs" she tripped over a piece of metal stripping located at the threshold of a doorway causing her to fall on the floor and "down the steps" by reason of the negligence of the defendant, and that she thereby sustained injuries to her person and was caused to incur bills for medical treatment and hospitalization as well as loss of earnings. Plaintiff Marion Douglass sought $100,000.00 damages in Count I of her First Amended Petition and Napoleon Douglass $35,000.00 damages in Count II of his First Amended Petition. A jury trial was had and plaintiffs were awarded damages of $15,000.00 on Count I of their petition and $500.00 on Count II of same. Defendant filed a motion for new trial alleging as grounds therefor the following which are, for the purposes of clarity, numbered as they appeared in the motion for new trial, omitting those grounds not relevant to a decision in this case:

2) refusal of the trial court to permit defense counsel to use certain allegations in plaintiffs' First Amended Petition for the purposes of cross-examining Mrs. Douglass,

3) refusal of the trial court to admit into evidence plaintiffs' First Amended Petition for purposes of impeaching Mrs. Douglass' testimony concerning how the accident occurred and the extent of her injuries,

5) refusal of the trial court to strike all evidence of medical bills offered by the plaintiffs because there was no evidence that said bills were reasonable and necessary,

8) error in permitting a doctor, over objection, to read to the jury an x-ray report of a hospital contained in his files,

12) error in giving and reading to the jury MAI 4.01 on the grounds that it was not supported by the evidence,

16) error in refusing to permit the defendant to introduce into evidence and read to the jury excerpts from letters of plaintiffs' attorney re medical expenses and loss of earnings as admissions of the plaintiffs, and

22) misconduct on the part of two jurors who, during the course of the trial, made separate visits to the premises of the defendant to inspect the metal stripping alleged by the plaintiff Mrs. Douglass to be the cause of her fall and reporting to the jury by one of these jurors his findings in this respect during the jury's deliberations.

Defendant attached to this motion affidavits from each of the jurors in support of this ground number 22. An evidentiary hearing was conducted in support of the motion whereupon the two jurors who had visited the premises and viewed the metal strip over which plaintiff allegedly tripped, testified without objection.

In due time the trial court denied defendant's motion for judgment on Counts I and II but sustained its motion for new trial on all of the grounds aforementioned and set aside and vacated the judgment in favor of both plaintiffs. The plaintiffs filed their notice of appeal and this appeal followed.[1]

In this court the plaintiffs have briefed two contentions:

1. the trial judge did not err in denying the defendant the right to cross-examine the plaintiff, Mrs. Douglass, on

1. We discern from the evidentiary hearing on Mrs. Douglass' motion to appeal as a poor person, which was denied by the trial court, that Mr. Douglass died on January 10, 1974.

her First Amended Petition nor in permitting defendant's counsel's request to read to the jury said petition for the reason that it was not abandoned;

2. the trial court did not err in admitting into evidence plaintiff's medical expenses and instructing the jury regarding her future damages because there was sufficient evidence to support a fair inference that plaintiff's medical expenses were necessarily incurred and would reasonably incur in the future.

These are directed at grounds 2, 3, 5 and 12 of defendant's motion for new trial. She has failed to brief any of the other grounds upon which the trial court granted the defendant's motion for new trial, contending that "they do not appear to be of sufficient merit."

■ In reviewing the action of a trial court in granting a new trial, an appellate court is more liberal in upholding the grant of a new trial than it would be had the motion been denied. *Liberty Loan Corp. of Antioch v. Brown*, 493 S.W.2d 664, 665[1] (Mo.App.1973). See 3A Mo.D. Appeal & Error 977(3). The reason behind this distinction was stated in *Boyer v. Oldham*, 209 S.W. 617, 618 (Mo.App.1919) as follows: "This rule is founded on the distinction between granting and refusing a new trial. In the former instance justice will yet be done, while in the latter there is no other relief." The presumption is always in favor of the correctness of the rulings of the trial court and it has committed to it much discretion in the matter of granting a new trial. *Hoepper v. Southern Hotel Co.*, 142 Mo. 378, 44 S.W. 257, 259 (1898). The court in *Hoepper* also pointed up that an appeal from an order granting a new trial involves the correctness of the order and nothing more, and that in order to sustain the order, in case the new trial was not properly granted for the reasons given by the trial court, the reviewing court could inquire whether or not the new trial was properly granted upon some other ground assigned in the motion for new trial. 44 S.W. 1. c. 260[2]. That this is still the law today is evidenced by *Davis v. Perkins*, 512 S.W.2d 868, 870[1] (Mo.App.1974), and *Vaughn v. Ripley*, 446 S.W.2d 475, 479[5] (Mo.App. 1969).

■ One of the grounds for granting the defendant a new trial was the misconduct of two of the jurors in visiting and viewing the scene of the plaintiff's fall during the course of trial and for the purpose of assisting them in judging the case and then talking about it with the other jurors during the deliberations of the jury prior to the return of their verdict into court. Plaintiff's counsel did not brief this point because he takes the position that since one of these two jurors joined the other eight in returning the verdict for his client and the other did not that this "represented a 'mexican stand-off.'"

We are not here confronted with the question whether a juror may be heard to impeach the verdict of the jury of which he was a member, because the evidence in support of the jurors' misconduct came in without objection. As defendant contends, this case is controlled by *Middleton v. Kansas City Public Service Co.*, 348 Mo. 107, 152 S.W.2d 154[4] (1941) and we hold therefore that the trial court did not err in granting defendant a new trial.

Because the other matters raised on this appeal by plaintiffs may not reoccur on retrial we leave them to another day and do not pass upon the issues raised in those points presented by the plaintiffs.

CLEMENS, P. J., and STEWART, J., concur.