REED STENHOUSE, INC. OF MISSOURI, Plaintiff-Respondent,

v.

Paul PORTNOY, Defendant-Appellant.

Nos. 43951, 43975.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 16, 1982.

Jim J. Shoemake, G. Lane Roberts, Jr., Guilfoil, Symington, Petzall & Shoemake, St. Louis, for plaintiff-respondent.

G. Carroll Stribling, Jr., Fordyce & Mayne, Gary L. Vincent, John S. Steiner, G. Carroll Stribling, Jr., Clayton, for defendant-appellant.

DOWD, Judge.

This is an appeal from an order of the Circuit Court of St. Louis County sustaining Reed Stenhouse, Inc.'s (hereinafter plaintiff) motion for new trial following a verdict by a jury for Paul Portnoy (hereinafter defendant) on his counterclaim for $84,-000.00 plus interest in a breach of contract suit initiated by plaintiff.[1] The jury found against plaintiff on its cause of action against the defendant.[2]

---

1. In 1974, Insurance Consultant's, Inc., merged with Reed, Shaw, Stenhouse which was later to become Reed Stenhouse, Inc., of Missouri. Therefore ICI is used in this opinion to denote Insurance Consultants, Inc., Reed Shaw and Reed Shaw Stenhouse of Missouri.

2. Plaintiff filed a cross-appeal raising additional

We affirm the action of the trial court in granting plaintiff a new trial.

The following facts were adduced at trial. Plaintiff brought an action against defendant to recover monies paid pursuant to a contract for the purchase of defendant's insurance business. Defendant counterclaimed alleging plaintiff owed him the balance due on the contract. The jury returned a verdict for defendant and assessed damages at $84,000 plus 6% interest as stated in the contract.[3]

Plaintiff contracted with defendant to purchase defendant's book of insurance business which consisted mainly of an account with the Permaneer Corporation. Under the terms of the agreement defendant was to receive a total of $320,000.00 for the business and a covenant not to compete.[4] Plaintiff by drafting paragraph 2B of the agreement attempted to provide a mechanism for adjusting the purchase price in the event the Permaneer account was lost or reduced. This provided for funding the payment amortization out of commissions actually earned from the Permaneer account and for the reduction in payments. Defendant and plaintiff also agreed that defendant would act as a consultant for plaintiff. In addition, plaintiff entered into a separate letter agreement with the Permaneer Corp., whereby Permaneer would give plaintiff a right of first refusal to match competitive offers from other brokerage firms. Defendant was not a party to this agreement.

The agreement between plaintiff and defendant was executed in June 1974, effective as of January 1, 1974. Payment under the agreement was apportioned as follows: $220,000 to the book of business and $100,000 payable at $20,000 annually to the covenant not to compete. Defendant received $84,000 immediately upon the execution of the contract and another $84,000 in January 1975 plus $9000 in accumulated interest. Prior to July 1975 plaintiff's branch manager had discussed the agreement for a right of first refusal with the new Chief Executive officer of Permaneer Corporation and understood that Permaneer would recognize in principle the basics of the letter agreement between plaintiff and Permaneer. In July 1975 Fireman's Fund, the chief carrier for the Permaneer insurance business indicated it would no longer underwrite Permaneer and cancelled the coverage on July 8, 1975 effective August 8, 1975. Plaintiff then arranged coverage for Permaneer with the Leatherby Company. However, in August of 1975 plaintiff received notice from Leatherby that Johnson & Higgins, a competing insurance brokerage firm, would replace plaintiff as agent of record on the Permaneer account.

Plaintiff then filed suit claiming it had lost the account and that defendant should return all of the consideration paid it. By the trial date plaintiff only claimed the $84,000 consideration paid defendant in advance on January 1, 1975 because the insurance account was lost during that year.

Both plaintiff's and defendant's causes of action are based upon the provisions of paragraph 2B of the contract for the sale of defendant's insurance business wherein it is provided that:

> "In the event the Permaneer Corp. insurance account listed on Exhibit 'A' here to is lost or in the event the insurance commissions received by ICI with respect to that account decline by 30% or more, 'the payments' to be made by ICI to Portnoy as provided in the preceding subparagraph (A) hereof, shall be reduced in the same proportions as the amount of commissions lost bears to the annualized commissions income of Portnoy (and

---

grounds upon which the motion for new trial could have been granted. This was an unnecessary appeal. In order to sustain the trial court's order this court is free to review all grounds assigned as error in the motion for new trial. *Douglass v. Missouri Cafeteria, Inc.,* 532 S.W.2d 811 (Mo.App.1975).

**3.** The judgment was amended on motion of defendant and entered in the amount of $106,822.40.

**4.** At the commencement of this action defendant had received $168,000 plus $9,000 accumulated interest.

Town and Country) as of the date hereof."

The decisive issue in this case as to the plaintiff was whether the word "payments" as found in paragraph 2B indicated the defendant must return monies already paid for the year 1975 or that only future payments would cease upon the loss of the Permaneer account.

Defendant's description of his own counterclaim is that ICI did not lose the Permaneer account in 1975, because it made no effort to keep the account or to enforce the right of first refusal agreement, but rather willingly allowed the account to be transferred because Permaneer was no longer a long term business prospect.

The order of the trial court granting the plaintiff a new trial was based upon ground # 2 of plaintiff's motion for new trial and stated "Plaintiff's Motion for New Trial sustained on ground that error was committed in submitting Inst. 6." Instruction 6 is defendant's verdict directing instruction for his counterclaim. As the trial court failed to set forth any detailed reasons for its finding we look to plaintiff's motion for new trial where the following grounds appear as follows:

"A) The Permaneer account was, as a matter of law, lost to plaintiff in 1975 and it was therefore error to submit such issue to the jury.

B) Said instruction failed to hypothesize and to submit to the jury as an issue of fact defendant's proposed construction of the language previously held ambiguous by the court.

C) Said instruction was based on MAI 26.02 and is to be used in a contract action only where breach is the sole issue to be determined by the jury and the issue of breach was not the sole issue to be decided by the jury in this case, and

D) Said instruction failed to submit to the jury as an issue of fact the disputed and essential element of substantial performance."

Instruction No. 6 as requested by defendant reads as follows:

"INSTRUCTION NO. 6

Your verdict must be for defendant on defendant's counterclaim if you believe:

*First,* the Permaneer business was not lost to ICI and the commissions received by ICI from the Permaneer account did not decline 30% or more within the meaning of the agreement during 1975; thus leaving a balance due on the contract for Permaneer and other business and,

*Second,* plaintiff failed to pay to defendant the balance due, and

*Third,* defendant was thereby damaged.

*Source,* MAI 26.02 modified by defendant."

■ In reviewing a trial court's order for a new trial, the appellate court must indulge every reasonable inference favorable to the trial court's ruling and may not reverse unless there has been a clear abuse of discretion in granting the motion. *Pihsou Hsu v. Mound City Yellow Cab Co.,* 624 S.W.2d 61 (Mo.App.1981); *Laclede Inv. Corp. v. Kaiser,* 541 S.W.2d 330 (Mo.App. 1976). *Also see Douglass v. Missouri Cafeteria, Inc.,* 532 S.W.2d 811 (Mo.App.1975).

While defendant relies on three points in support of his claim that the trial court erred in granting plaintiff's motion for new trial our review of the first is dispositive of this case.

Defendant contends on appeal that the trial court erred in sustaining plaintiff's motion for new trial in that instruction No. 6 submitted the ultimate fact issue of loss of the Permaneer account to the jury. Again as the trial court failed to specify any grounds for its decision we must look to each ground set forth in plaintiff's motion for a new trial.

■ Plaintiff first alleged in its motion for a new trial the Permaneer account was, as a matter of law, lost to the plaintiff in 1975 and that therefore it was error to submit such issue to the jury. We disagree. Without detailing the evidence any further we believe there were conflicts in testimony and evidence as to whether the account was

lost or abandoned to warrant submitting said issue to the jury. Defendant offered proof and argued that the word "lost" has a special meaning in the insurance industry. Defendant further argued plaintiff made no effort to keep the account or to enforce the right of first refusal agreement but rather willingly allowed it to be transferred thereby abandoning it. Plaintiff argued that as the Permaneer Corp. had transferred its account to a new agent of record the account was simply lost. It is settled that where an agency is not coupled with an interest the principle has the power if not the right to revoke the agency at any time. *See Chamberlain v. Grisham,* 360 Mo. 655, 230 S.W.2d 721, 722–24 (1950). We believe the evidence supports the conclusion that the letter agreement between plaintiff and the Permaneer Corporation was not coupled with an interest and therefore constituted at most a revocable agency agreement.

■ However, defendant's contention that plaintiff lost the account because it made no effort to keep it is still at issue and the evidence supports its submission to the jury.

■ Where fair minded men would draw different conclusions from the facts, the question is not one of law but of fact for the jury to settle. *Burke v. Moyer,* 621 S.W.2d 75 (Mo.App.1981). *Also see Roberts v. Wayne,* 624 S.W.2d 523 (Mo.App.1981).

■ Secondly, plaintiff contended the defendant's instruction failed to hypothesize and submit to the jury defendant's proposed construction of the language previously held ambiguous by the court. Here, we agree. It is true that where the terms of an agreement are in dispute the verdict-directing instruction must hypothesize the proponent's version of the agreement actually made. *Varn Co. v. Hamilton Federal Savings & Loan Ass'n.,* 488 S.W.2d 649, 651 (Mo.1973); *Braun v. Lorenz,* 585 S.W.2d 102 (Mo.App.1973). The record in this case indicates the court noted the dispute and held the language in paragraph 2B ambiguous both as to whether the word "payments" meant future payments would terminate or

whether it required the return of monies already paid in addition to what was intended by the word "lost". Defendant is correct in his assertion that the goal of MAI is to leave evidentiary detail to argument of counsel and to submit only ultimate issues for the jury's resolution, *Koehler v. Burlington Northern, Inc.,* 573 S.W.2d 938, 944 (Mo.App.1978). *Also see* Rule 70.02(a). However, in a case such as this the myriad of facts and evidence adduced at trial could have been misleading for the jury if not properly presented to them. As previously stated, the record concerning the interpretation of the word "payments" and the word "lost". Again, defendant offered proof and argued a special meaning of the word "lost" in the insurance business. However, defendant did not then hypothesize his theory of plaintiff's failure to enforce the collateral agency agreement as precluding loss of the insurance account. In this case we believe the jury would have benefited from a more explicit instruction. As such we believe defendant's failure to hypothesize his version of the facts was misleading to the jury and thereby prejudicial.

Having found one ground for the trial court's granting of a new trial we could conclude our review of the other grounds available for the trial court's granting plaintiff's motion. However, because the cause will be retried, we conclude that we should consider whether defendant's use of Instruction No. 6 modified from MAI 26.02 is the correct instruction in this type of case and whether defendant omitted a material element from said instruction, lest by our failure to dispose of these points it be concluded that we find no error therein.

■ The instruction, MAI No. 26.02 is not intended for this kind of case. It is intended for use in situations where the existence and terms of the contract are undisputed and the jury is to decide only the issues of breach and resultant damages.

We have concluded hereinabove there are more than these two issues in this case. Here the parties were sharply in disagreement as to the interpretation of paragraph

2B as requiring either the return of monies already paid or termination of all future payments in addition to the meaning of the word "lost". The trial record demonstrates the dispute generated on these issues and the divergent positions of the parties. Moreover, the instruction as given could be confusing and misleading by its reference to the word lost "within the meaning of the agreement" in light of the fact that the interpretation of the agreement was at issue. Defendant's case would have been better served in an instruction to the jury requiring a finding on such issues. MAI 26.06 was adopted by the Supreme Court as appropriate for the submission of the two-element dispute of contract terms and breach. On defendant's theory of recovery MAI 26.06 was the appropriate form of instruction rather than MAI 26.02. As such we find the submission of said instruction to be prejudicial error.

◼ Assuming arguendo that MAI 26.02 was the correct instruction, defendant's failure to submit to the jury the disputed and essential element of substantial performance constituted an impermissible deviation from MAI 26.02, which reads as follows:

"Your verdict must be for defendant if you believe:

First, plaintiff did not (here insert the nature of the breach) and

Second, because of such failure, plaintiff's contract obligations were not substantially performed, and

Third, defendant was hereby damaged." [5]

Defendant's modified instruction reads in pertinent part:

"Second, plaintiff failed to pay to defendant the balance due, and . . . . "

---

**5.** Inasmuch as this instruction is being used in a counterclaim we have transposed the parties in order to conform to defendant's modified verdict director. The requirement of substantial performance has been omitted in the revised MAI 26.02 but was required at the time of trial.

**6.** Illustrative of cases holding minor deviations to be non-prejudicial are *Burrell v. Mayfair-*

Clearly defendant completely excluded the element of substantial performance from his verdict-director. Rule 70.02(b) requires that where an MAI is applicable it must be given in that form. Furthermore, Rule 70.02(c) provides that the giving of an instruction in violation of this rule shall constitute error, its prejudicial effect to be judicially determined. Although some minor inadvertent deviations have sometimes gone without penalty the tendency of our courts is to insist upon strict compliance with this rule. *See State Farm Mutual Automobile Ins. Co. v. Jessee,* 523 S.W.2d 832 (Mo.App.1975).[6] The deviation in the instant case where defendant failed to submit the element of substantial performance can hardly be considered insignificant. Moreover, the complexity of the case, and the disputed issues of fact, persuades the conclusion that the jury could have been misled. Therefore, we find the deviation to be prejudicial.

Having concluded on three separate grounds that defendant's verdict directing Instruction No. 6 was erroneously submitted, we would normally not reach defendant's remaining points on appeal as it would not change the end result. However, as the case will be retried we feel it necessary.

Defendant contends MAI 26.02 was the correct instruction in light of the fact that the price adjustment provision in question was a condition subsequent. He further argues that plaintiff was required to plead this condition subsequent as an affirmative defense and instruct upon it accordingly.

◼ A condition subsequent is a condition "which by its express terms provides for an ipso facto cancellation on the happening or non-occurrence of a stipulated

*Lennox Hotels, Inc.,* 442 S.W.2d 47, 48 (Mo. 1969) where "should was incorrectly used instead of 'could' "; *Jackson v. Cherokee Drug Co.,* 434 S.W.2d 257, 262 (Mo.App.1969) where two unauthorized commas were inserted; and *State v. Campbell,* 433 S.W.2d 606, 613 (Mo. App.1968) where the instruction incorrectly used the phrase "willing *and* desirous" instead of "willing *or* desirous."

event or condition." *Berger v. McBride & Son Builders,* 447 S.W.2d 18, 19 (Mo.App. 1969). In this case the more accurate assessment would be that by its own terms paragraph 2B is a mere price adjustment provision. Clearly, the loss of the Permaneer account would not defeat the contract. The transfer of defendant's "book of business" was absolute subject only to a price adjustment if the Permaneer Account was indeed "lost" or reduced by 30%. As such, this issue was not plaintiff's to instruct upon but rather the defendant's. Inasmuch as we have concluded the provision in question is not a condition subsequent we find defendant's argument that "any error in instruction # 6 was waived by plaintiff's failure to submit an affirmative defense instruction" is without merit.

Finally, defendant argues that read together the instructions had no prejudicial effect. We also find this argument to be without merit. The complexity of the facts in this case require each instruction to be clear and properly submitted in order not to confuse or mislead the jury. We do not believe the jury should be required to wade through the instructions in order to somehow ascertain each party's theory of the case.

Accordingly, we find the trial court did not abuse its discretion in granting plaintiff's motion for a new trial. Additionally, as we have sustained the trial court's order granting plaintiff's motion for a new trial we do not believe it is necessary to reach the other matters raised in plaintiff's cross-appeal.

Judgment affirmed.

KELLY, P.J., and PUDLOWSKI, J., concur.